

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| SECURITIES AND EXCHANGE COMMISSION, | § § § | |
| Plaintiff, | § § | |
| vs. | § § | CIVIL ACTION NO. 3-05CV0426-H |
| RONALD J. BAUER, | § § | |
| Defendant. | § § | |

## DEFENDANT'S ORIGINAL ANSWER

TO THE HONORABLE UNITED STATES DISTRICT COURT:

Ronald J. Bauer ("Bauer"), the defendant in the above-styled and numbered civil action, files this his Original Answer to the Complaint filed by the Securities and Exchange Commission (the "SEC"), as follows:

Defendant Bauer responds to the numbered paragraphs of the Complaint as follows:

1. Denied.

2. Denied, except admits that at certain times Bauer was an officer and director of The Bauer Partnership Inc. ("BP").

3. Denied, except denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations regarding daily share trading and volume of BP.

4. Denied.

5. Denied, except denies knowledge or information sufficient to form a belief as to the truths or falsity of allegations regarding Juan Javier Lopez and his actions, and admits upon information and belief, that Whitesands was to perform consulting services for BP.

6. Denied.

7. Denied except admits that he owns a boat.

8. Paragraph 8 of the Complaint does not require a responsive pleading; to the extent a responsive pleading is necessary, Bauer denies he violated the referenced statutes and rules or that the requested relief should issue.

9. Denied.

10. Denied.

11. Denied, except admits Bauer is a Canadian citizen residing in Canada and does not believe the remainder of this paragraph contains any allegations which accuses Bauer of any wrongful acts or which are relevant or probative, or require a responsive pleading. To the extent a responsive pleading is required, the defendant denies the remainder of the allegations in paragraph 11.

12. Denied, except admits that BP was a diversified holding company, that it traded under the symbol alleged, and that its name was changed to Harbour Front Holdings at a point in time.

13. Denies knowledge or information sufficient to form a belief as to the truth or falsity of the matters alleged in paragraph 13.

13a. Lurid captions and sub-headings are not part of a complaint and no responsive pleading as to them is appropriate or required.

14. Denied, except admits that at one point in time BP was a private company.

15. Denied, and refers to the documents referenced for their content and context.

16. Denied and refers to the documents referenced for their content and context.

17. Denied, except admits that Bauer Panama had entered into an agreement with Tropical Resources SA and refers to that agreement for its content.

18. Denied, and refers to the form 10Q-SB for its content.

19. Denied, and refers to the documents referenced for their content and context.

20. Denied.

21. Denied.

22. Denied, except, refers to BP's actions authorizing a stock repurchase for its terms and conditions.

23. Denied.

24. Denied, except denies knowledge or information as to what is "commonly understood" about stock buy backs for issuers.

25. Denied, and refers to any releases of BP for their content and context.

26. Denied.

27. Denied, and refers to any releases by BP for their content and context.

28. Denied, and refers to any releases by BP for their content and context.

29. Denied, and refers to any releases by BP for their content and context.

30. Denied, and refers to any releases by BP for their content and context.

31. Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 31 and refers to any releases by BP for their content and context.

32. Denied, refers to any releases by BP for their content and context and admits that only $6 million of the anticipated $30 million of debt was made available to be acquired by BP.

33. Denied and refers to any release by BP for its content and context.

34. Denies knowledge or information sufficient to form a belief as to truth or falsity of the allegations contained in paragraph 34.

35. Denied and refers to any releases by BP, or any agreements with ICS or EH&P, for their content and context.

36. Denied.

37. Denied and refers to any releases by BP or F3 for their content and context.

38. Denied and refers to any release by BP for their content and context.

39. Denied, except admits that BP changed its name to Harbour Front Holdings Inc.

40. Denied, and refers to any releases by Harbour Front and Urbani for their content and context.

41. Denied.

42. Denied, except admits that BP filed Form S-8 Registration Statements with the SEC, as required by law, and refers to those Form S-8 Registration Statements with the SEC for their content.

43. Denied, except admits that BP filed S-8 Registration Statements with the SEC, as required by law, and refers to those Form S-8 registration statements for their content.

44. Denied, except admits that BP and/or Harbour Front filed Form S-8 Registration Statements with the SEC and refers to the Forms S-8 Registration Statements for their content.

45. Denied.

46. Denied.

47. Denied, except denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in the "chart" alleged in paragraph 47 or whether the shares alleged to have been sold were sold at a loss of $130,000 from their market value at the time of their alleged receipt by the third party.

48.  Denied and notes that the chart fails to reflect any "splitting" of proceeds by Gushlak with Bauer.

49.  Denied and notes that the chart fails to reflect receipt of any money by Bauer and denies knowledge or information sufficient to form a belief as to whether the shares alleged to have been sold were sold at a loss of $174,000 from their market value at the time of their alleged receipt by the third party.

50.  Denied.

51.  Denied.

52.  Denied.

53.  Denied.

54.  This does not appear to be a pleading to which Bauer is required to respond as it contains no allegations as to him. To the extent that a responsive pleading is required, Bauer refers to the alleged Form 8-K for its content.

55.  Denied.

56.  Repeats, realleges and incorporates herein, as if set forth in full text, his answers to paragraphs 1 through 55 of the Complaint.

57.  Denied.

58.  Denied.

59.  Denied.

60.  Denied.

61.  Repeats, realleges and incorporates herein, as if set forth in full text, his answers to paragraphs 1 through 55 of the Complaint.

62.  Denied.

63. Denied.

64. Denied.

65. Denied.

66. Repeats, realleges and incorporates herein, as if alleged in full text, his answers to paragraphs 1 through 55 of the Complaint.

67. Denied.

68. Denied.

69. Repeats, realleges and incorporates herein, as if alleged in full text, his answers to paragraphs 1 through 55 of the Complaint.

70. Denied.

71. Denied.

72. Repeats, realleges and incorporates herein, as if alleged in full text, his answers to paragraphs 1 through 55 of the Complaint.

73. Denied.

74. Denied.

75. Repeats, realleges and incorporates herein, as if alleged in full text, his answers to paragraphs 1 through 55 of the Complaint.

76. Denied.

77. Denied.

78. Denied.

## DEFENSE

79. Plaintiff has failed to state a claim upon which relief can be granted.

80. Plaintiff has failed to effect proper service on Defendant.

81. This Court lacks jurisdiction over Defendant and venue is not proper, or convenient in this district under 28 U.S.C. 1404(b).

82. Plaintiff has failed to state a claim containing the necessary elements to make out a prima facie case of violations of any of the statutes, rules and regulations alleged.

83. Plaintiff has failed to state a claim upon which the Court may enjoin Defendant, or enter an order of disgorgement, impose a civil penalty or preclude Defendant from any aspect of the securities business.

84. Plaintiff has failed to allege fraud with the requisite particularity required by Rules 9(b) and 12 of the Federal Rules of Civil Procedure, and has failed to allege any actions by Defendant constituting the necessary *scienter* element to a fraud claim.

85. Plaintiff has failed to allege facts sufficient to show receipt by Defendant of any monies from any of the alleged "nominees" or from the alleged sales of any Form S-8 registered stock.

86. Plaintiff has failed to allege any facts necessary to assert a claim for aiding and abetting as to Bauer.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Defendant Ronald J. Bauer prays that the Court: deny the prayer for injunctive relief, deny the claim for disgorgement, prejudgment interest and civil monetary penalties, deny the request for an order barring Defendant from being an officer or director of a public company or from participating in the offering of so-called "penny stocks", and dismiss in its entirety the Complaint and each and ever allegation contained therein.

Dated: May 6, 2005

                    Respectfully submitted,

/s/ Marvin Pickholz
Marvin Pickholz
New York Bar No. 1504844
Jason Pickholz
New York Bar No. 2688745
Reena Sandoval
New York Bar No. 3052735

Pickholz Law Firm LLP
570 Lexington Avenue, 45th Floor
New York, NY 10022
Telephone: 212-759-2400
Fax: 212-759-7728

- and -

/s/ David B. Dyer
David B. Dyer
Texas Bar No. 06313500

SECORE & WALLER, L.L.P.
Three Forest Plaza
12221 Merit Drive, Suite 1100
Dallas, Texas 75251
Telephone: 972-776-0200
Fax: 972-776-0240

COUNSEL FOR DEFENDANT

## CERTIFICATE OF SERVICE

      This is to certify that a true and correct copy of the foregoing Defendant's Original Answer was served by certified mail, return receipt requested on the ___6th___ day of May, 2005, to the following persons:


Toby M. Galloway, Esq.
U.S. Securities and Exchange Commission
Burnett Plaza, Suite 1900
801 Cherry Street - Unit #18
Fort Worth, TX 76102-6882


                                                */s/ David B. Dyer*
                                                David B. Dyer