ORIGINAL

U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED
MAY 27 2005
CLERK, U.S. DISTRICT COURT
By _____
        Deputy

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION, : <br><br> Plaintiff, : <br> vs. : <br><br> RONALD J. BAUER : <br><br> Defendant. : | Civil Action No. 3:05-CV-00426-H |

## JOINT STATUS REPORT

Counsel for Plaintiff Securities and Exchange Commission and Defendant Ronald J. Bauer conferred on May 25, 2005 as required by the Court's May 6, 2005 Order. The parties hereby submit this Joint Status Report.

**1.    Statement of the nature of the case.**

A.    <u>Plaintiff's Statement</u>.    This matter involves a pump-and-dump market-manipulation scheme masterminded by Defendant Ronald J. Bauer ("Bauer"). From November 2002 through January 2003, Bauer pumped the stock of The Bauer Partnership Inc. (the "Bauer Partnership") by issuing false and misleading press releases regarding purported corporate acquisitions that he never intended to fulfill, while secretly dumping tens of millions of Bauer Partnership shares into the inflated market he had created. Bauer's scheme involved obtaining purportedly free-trading Bauer Partnership shares by filing abusive Form S-8 registration statements with the Commission, falsely claiming that shares were being issued to corporate consultants. In truth, the shares were issued unlawfully to Bauer nominees who sold stock at his direction. Bauer profited by $1.5 million from the scheme, helping fund a lavish lifestyle.

The Commission contends that Bauer violated Sections 5(a), 5(c) and 17(a) of the Securities Act of 1933 ("Securities Act") [15 U.S.C. §§77e(a), 77e(c) and 77q(a)], Sections 10(b), 13(d) and 16(a) of the Securities Exchange Act of 1934 ("Exchange Act")[15 U.S.C. §§ 78j, 78m, and 78p] and Rules 10b-5, 13d-1 and 16a-3 thereunder [17 C.F.R. § 240.10b-5, 240.13d-1, and 240.16a-3] and aided and abetted The Bauer Partnership, Inc.'s violations of Section 13(a) of the Exchange Act of 1934 [15 U.S.C. § 78m(a)] and Rules 13a-11, 13a-13 and 12b-20 [17 C.F.R. § 240.13a-11, 240.13a-13 and 240.12b-20] thereunder.

The Commission seeks an order permanently enjoining Bauer from further violations or aiding and abetting violations of these provisions and further seeks an order barring him from (a) serving as an officer or director of a publicly traded company under Section 20(e) of the Securities Act [15 U.S.C. §77t(e)] and Section 21(d) of the Exchange Act [15 U.S.C. § 78u(d)] and (b) participating in an offering of penny stock under Section 20(g) of the Securities Act [15 U.S.C. § 77t(g)] and Section 21(d)(6) of the Exchange Act [15 U.S.C. § 78u(d)(6)]. Finally, the Commission seeks an order requiring Bauer to disgorge all ill-gotten gains, plus prejudgment interest, and to pay civil monetary penalties.

B.  <u>Defendant's Statement.</u>

Defendant has denied the allegations against him. He also has observed in his answer the deficiencies in the complaint.

**2.  <u>Jurisdiction or venue.</u>**

A.  <u>Plaintiff's Statement.</u>  The Commission is an agency of the United States of America established by Section 4(a) of the Securities Exchange Act of 1934 ("Exchange Act") [15 U.S.C. §78d(a)]. The Commission brings this action under the authority conferred upon it by Section 20(b) of the Securities Act of 1933 ("Securities Act")[15 U.S.C. §77t(b)] and Section

21(d) of the Exchange Act [15 U.S.C. § 78u(d)]. This Court has jurisdiction over this action under Section 22(a) of the Securities Act [15 U.S.C. § 77v(a)] and Section 27 of the Exchange Act [15 U.S.C. § 78aa]. Defendant has, directly and indirectly, made use of the means or instrumentalities of interstate commerce and/or the mails in connection with the activities described in this Complaint.

Venue is proper under Section 22(a) of the Securities Act [15 U.S.C. § 77v(a)] and Section 27 of the Exchange Act [15 U.S.C. § 78aa], because certain of the acts and transactions described herein took place in the Northern District of Texas. For example, Dallas-based clearing broker Penson Financial Services cleared a large portion of the fraudulent trades at issue, including transactions by Panamanian shell company Whitesands Ventures and Bauer nominees Pacific West Holdings and EAMC; Bauer represented that he had engaged private equity firm The Crescent Fund, which maintains offices in Dallas and other locations, to assist with fundraising; Bauer disseminated false and misleading press releases into the Northern District of Texas; and, finally, during the relevant period, certain Bauer Partnership shareholders resided in the Northern District of Texas.

  B. <u>Defendant's Statement</u>.

No Defendant's Statement beyond his Answer.

**3.** <u>**Pending or contemplated motions and proposed time limits for filing motions.**</u>

There are no pending motions.

  A. <u>Plaintiff's Statement.</u> The Commission may file a motion for summary judgment. The Commission anticipates that the amount of time needed to file the motion is approximately two months from the end of the proposed discovery period. If the case were partially settled (for example, partial settlement establishing liability only), the Commission would file an application

to set disgorgement and civil penalty. The Commission commits to file such application, if needed, no later than two months from the end of the proposed discovery period. Other than potential pretrial motions related to the presentation of proof, the Commission is not aware of any additional motions that will need to be presented to the Court.

    B.    <u>Defendant's Statement.</u> Unless agreement is reached by the parties, Defendant may file a motion to suppress documents obtained by the Commission outside of discovery conducted in this case. Defendant may file a motion for summary judgment.

4.    **<u>Matters requiring a conference with the Court.</u>**

The parties agree that there is no current need for a conference with the Court.

5.    **<u>Likelihood that other parties will be joined.</u>**

The parties do not expect to join additional parties. However, as discovery progresses, it is possible that facts will emerge requiring joinder of additional parties.

If Plaintiff intends to seek joinder of additional parties, Defendant desires that the Court set a cut-off date for such joinder *before fact discovery is completed and* in sufficient time to allow Defendant to avail himself of such discovery to avoid surprise or prejudice at trial.

6.    **<u>Estimated time needed for discovery.</u>**

The parties agree that discovery should be completed by September 30, 2006.

7.    **<u>Discovery schedule.</u>**

The parties submit the following proposed discovery schedule:

| Completion Date | Discovery Item |
| --- | --- |
| July 15, 2005 | Initial Disclosures Pursuant to Rule 26(a)(1) |
| October 1, 2005 | First Date Upon Which Interrogatories May be Served. Limited to ten interrogatories per side. |

| | |
|---|---|
| October 1, 2005 | First Date Upon Which Depositions of Parties May Occur |
| January 31, 2006 | Plaintiff's Expert Designations |
| February 28, 2006 | Defendant's Expert Designations |
| May 30, 2006 | Plaintiff's Experts' reports pursuant to Rule 26(a)(2), F.R. Civ. P. |
| June 30, 2006 | Defendant's Expert Reports Pursuant to Rule 26(a)(2), F.R. Civ. P. |
| September 30, 2006 | Depositions of Plaintiff's and Defendant's Expert(s) |
| September 30, 2006 | Completion of Discovery |

8. **That counsel have read *Dondi*.**

Counsel have read the *Dondi* decision, 121 F.R.D. 284 (N.D. Texas 1988).

9. **Civil Justice Expense and Delay Reduction Plan.**

Counsel have read and are and are familiar with the district's Civil Justice Expense and Delay Reduction Plan, effective July 1, 1993 and amended in May 2002.

10. **Requested trial date, estimated length of trial, and whether a jury has been demanded.**

Trial likely will take ten (10) days. Defendant requests that trial be set not earlier than March 2007. No jury trial is demanded. Because no jury trial is demanded, and the Commission desires two (2) months after discovery is completed to file its summary judgment motion, for which Defendant requires one (1) month to respond, these motions will take three (3) months to brief. After that the Court likely will have a Pretrial Order requiring certain matters from the parties before a trial.

11. **Consent to trial before a Magistrate.**

The parties do not consent to trial before a Magistrate.

12. **Parties' consent to mediation.**

RE: *SEC v. Bauer*
Joint Status Report                                                             5

The Commission consents to mediation, subject to the following statement. Because of the unique statutes and rules that define the authorities and obligations of the Commission and its staff, the Commission respectfully requests to be relieved of any mediation order's requirement that counsel obtain settlement authority from the client, or have the client available either in person or by telephone.

The Securities and Exchange Commission consists of five Commissioners, appointed by the President by and with the advice and consent of the Senate. See Securities Exchange Act of 1934 ["Exchange Act"], § 4(a), 15 U.S.C. § 78d(a). A securities law enforcement action may only be commenced by the Commission, *see* Exchange Act § 21(d)(1), 15 U.S.C. § 78u(d)(1), as distinct from the Commission's staff, who are appointed under Section 4(b) of the Exchange Act, 15 U.S.C. § 78d(b). Just as only the Commission may authorize the filing of an enforcement action, only the Commission, not its staff, has authority to settle such an action. Compare 17 C.F.R. § 202.5(f) ("In the course of the Commission's investigations, civil lawsuits, and administrative proceedings, the staff, with appropriate authorization, may discuss with persons involved the disposition of such matters by consent, by settlement, or in some other manner." [Emphasis added.])

Section 4A of the Exchange Act, 15 U.S.C. § 78d-1, provides for delegation of Commission responsibilities in certain circumstances; however, even the actions of a Section 4A delegate remain subject to the Commission's review. For the convenience of the Court, Section 4A is quoted in full below:

> (a) In addition to its existing authority, the Securities and Exchange Commission shall have the authority to delegate, by published order or rule, any of its functions to a division of the Commission, an individual Commissioner, an administrative law judge, or an employee or employee board, including functions with respect to hearing, determining, ordering, certifying, reporting, or

> otherwise acting as to any work, business, or matter. Nothing in this section shall be deemed to supersede the provisions of section 556(b) of title 5, or to authorize the delegation of the function of rule-making as defined in subchapter II of chapter 5 of title 5, United States Code, with reference to general rules as distinguished from rules of particular applicability, or of the making of any rule pursuant to section 19(c) of this title.
>
> (b) With respect to the delegation of any of its functions, as provided in subsection (a) of this section, the Commission shall retain a discretionary right to review the action of any such division of the Commission, individual Commissioner, administrative law judge, employee, or employee board, upon its own initiative or upon petition of a party to or intervenor in such action, within such time and in such manner as the Commission by rule shall prescribe. The vote of one member of the Commission shall be sufficient to bring any such action before the Commission for review. A person or party shall be entitled to review by the Commission if he or it is adversely affected by action at a delegated level which (1) denies any request for action pursuant to section 8(a) or section 8(c) of the Securities Act of 1933 or the first sentence of section 12(d) of this title; (2) suspends trading in a security pursuant to section 12(k) of this title; or (3) is pursuant to any provision of this title in a case of adjudication, as defined in section 551 of title 5, United States Code, not required by this title to be determined on the record after notice and opportunity for hearing (except to the extent there is involved a matter described in section 554(a)(1) through (6) of such title 5).
>
> (c) If the right to exercise such review is declined, or if no such review is sought within the time stated in the rules promulgated by the Commission, then the action of any such division of the Commission, individual Commissioner, administrative law judge, employee, or employee board, shall, for all purposes, including appeal or review thereof, be deemed the action of the Commission.

In *In re Stone*, 986 F.2d 898 (5th Cir. 1993), the Fifth Circuit held that a routine district court order requiring the Justice Department to be represented at all settlement conferences by a person with full settlement authority to be an abuse of discretion. The Court of Appeals found that pursuant to the district court's inherent power to manage its own docket, the court could

RE: *SEC v. Bauer*
Joint Status Report                                                                                                                7

require a party, including the government, to have a representative with full settlement authority "present -- or at least reasonably and promptly accessible -- at pretrial conferences." *Id.* at 903. However, the Fifth Circuit also stated that "a district court must consider the unique position of the government as a litigant in determining whether to exercise its discretion in favor of issuing such an order." *Id.* [Footnote omitted.]

The Commission respectfully requests that it be permitted to attend any mediation or other settlement conference through the staff attorneys whom it has assigned to this case. Those counsel have full authority to negotiate a settlement that the Fort Worth District Office would recommend to the Commission. Commission counsel represent that they will promptly submit any bona fide settlement proposal from any defendant for consideration by the Commissioners in Washington.

Defendant does not consent to mediation in view of the nature of the allegations, the relief demanded, and the restrictions placed by the Commission upon its Counsel's ability to engage in such discussion, and possible resolution, in any meaningful way.

Defendant's counsel certify they have discussed mediation with him and he does not desire mediation under these circumstances.

13. **Status of settlement negotiations, and whether a settlement conference should be scheduled by the Court.**

The parties anticipate that there may be informal settlement discussions and believe settlement to be a realistic possibility. There is no settlement agreement at this point. A settlement conference, at this juncture, would not be productive. The parties reserve their option for readdressing this with the Court at a later date.

14. **Any Other Matters Relevant to the Status and Disposition of this Case.**

The Commission states that it believes at least one fact witness is located in Panama. The Commission would prefer to present live testimony from the witness, if possible. Therefore, subject to the demands of the Court's docket, any advance notice of the trial setting would assist Plaintiff in arranging for the presence in the United States of this witness and possibly others.

Defendant has objections to the Commission's use of this Panamanian witness at trial if the Commission declines to produce him in the United States for a face-to-face oral deposition.

Defendant also will seek to have the Commission produce in the United States any witnesses it intends to call at trial or who it mentions in its Complaint as a nominee. In addition to Juan Javier Lopez, these prospective witnesses would include any agents for Whitesands Ventura Consulting S.A., Thales Traders S.A., Myron Gushlak, Tropical Resources, S.A. (all of Panama), Wimbledon Unreal Grass (Australia), Flemings Financial Ltd. (generally described as "offshore entities"), and any other entity named in the Complaint that is an offshore entity. Defendant's position is that pretrial discovery, especially depositions, is an integral part of preparation of a civil case and avoids surprises or prejudice to Defendant.

The Commission would object to any such request by Defendant that the Commission be required, at its expense, to produce foreign nationals for deposition in the United States.

Dated: May 27, 2005.

Respectfully Submitted,

_Toby M. Galloway_
Toby M. Galloway
Texas Bar No. 00790733
Attorney for Plaintiff
U.S. Securities and Exchange Commission
Burnett Plaza, Suite 1900
801 Cherry Street, Unit #18
Fort Worth, Texas 76102-6882
(817) 978-6447
(817) 978-4927 (Facsimile)

_Marvin Pickholz by BD with permission_
Marvin Pickholz
New York Bar No. 1504844
Jason Pickholz
New York Bar No. 2688745
Reena Sandoval
New York Bar No. 3052735

Pickholz Law Firm LLP
570 Lexington Avenue, 45th Floor
New York, NY 10022
Telephone: 212-759-2400
Fax: 212-759-7728

- and -

_David B. Dyer_
David B. Dyer
Texas Bar No. 06313500

SECORE & WALLER, L.L.P.
Three Forest Plaza
12221 Merit Drive, Suite 1100
Dallas, Texas 75251
Telephone: 972-776-0200
Fax: 972-776-0240

COUNSEL FOR DEFENDANT

## CERTIFICATE OF SERVICE

I hereby certify that on this 27th day of May, 2005, I served a true and correct copy of the foregoing **JOINT STATUS REPORT,** on the following parties, and persons entitled to notice, by depositing a correct copy thereof in an authorized Federal Express depository with express charges prepaid, at Fort Worth, Texas, and addressed to:

| | |
|---|---|
| Marvin Pickholz<br>Jason Pickholz<br>Reena Sandoval<br>PICKHOLZ LAW FIRM LLP<br>570 Lexington Avenue<br>45th Floor<br>New York, NY  10022 | David B. Dyer<br>SECORE & WALLER, LLP<br>Three Forest Plaza<br>12221 Merit Drive<br>Suite 1100<br>Dallas, TX  75251 |

_____
Toby M. Galloway