IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

_____

| | | |
|---|---|---|
| SECURITIES AND EXCHANGE | * | |
| COMMISSION | * | |
|     Plaintiff | * | |
| v. | * | Civil No. 3:05-CV-0426-H |
| | * | |
| RONALD J. BAUER | * | |
| | * | |
|     Defendant | * | |

## SCHEDULING ORDER

The Court establishes the following schedule for this case. Counsel may but are not required to comply with Fed.R.Civ.P. 26(a)(1) and 26(f). All other discovery requirements of the Federal Rules as amended must be observed except as otherwise specified in this Order.

1. This case is set for **Non Jury** Trial during the weeks of **April 2, 9 and 16, 2007.**

2. The following must be accomplished by noon, **October 17, 2005**:

    A. Counsel must meet and file with the Court a **joint report** setting forth discovery progress and the status of settlement negotiations. If settlement has not been reached, counsel should set forth in the report their respective attitudes concerning **(1)** trial before U. S. Magistrate Judge **Paul D. Stickney** per 28 U.S.C. § 636(c), **(2)** referring this case to mediation (counsel may select the mediator), and **(3)** a settlement conference before Magistrate Judge Stickney. The parties may designate a mediator by mutual agreement.

      B.      Motions (other than discovery motions) not specifically covered by this Order must be filed.

3.      Motions to join other parties must be filed by noon, **May 1, 2006.**

      Motions to amend the pleadings must be filed by noon, **May 1, 2006.**

4.      A party seeking affirmative relief must file a written designation of its expert witnesses and otherwise comply with Rule 26(a)(2) by noon, **February 6, 2006.**  A party opposing affirmative relief must file a written designation of its expert witnesses and otherwise comply with Rule 26(a)(2) by noon, **May 8, 2006.**  Any objections to expert witnesses must be filed by noon, **July 10, 2006**.  Objections must be supported by briefs.

5.      Except as otherwise provided in this paragraph, dispositive motions and responses thereto, must comply with the requirements of the Local Rules and may not exceed 15 pages.  Such motions must be filed by noon, **November 13, 2006**.  Supporting briefs must not exceed 25 pages; reply briefs must not exceed 15 pages.  Delay in deciding motions will not affect trial dates.

6.      All discovery procedures shall be initiated in time to complete discovery by noon, **September 29, 2006.**  Oral depositions shall be taken only on weekdays and may not be extended beyond 5:00 p.m., except with the approval of the Magistrate Judge or by agreement of counsel.  All discovery motions are referred to Magistrate Judge Stickney.

  7. Counsel must file by noon, **March 12, 2007**, a **Joint** Pretrial Order containing the information required by Local Rule 16.4 plus the following:

  A. A list of witnesses who may be called by each party in its case in chief.  Each such witness list shall contain a brief narrative summary of the testimony to be elicited from each witness, shall state whether the witness has been deposed, and whether the witness' testimony at trial is "probable", "possible", "expert", or "record custodian".  A copy of this list must be furnished to the court reporter on the day of trial.

  B. Findings of Fact and Conclusions of Law (annotated).

  C. Comply with the requirements of Local Rule 26.2.  Exhibit list must be furnished to the court reporter on the day of trial.

  D. A report as to the status of settlement negotiations as of the date of the Pretrial Order.

  E. Trial briefs may be filed with the Pretrial Order, but are not required unless specifically requested by the Court.

The Joint Pretrial Order will control all subsequent proceedings in this case.

  8.  Objections to exhibits and objections to deposition designations must be filed by noon, **March 19, 2007**,  Counsel **must** confer about objections and make reasonable efforts to agree prior to the pretrial conference, at which the Court will rule on the admissibility of exhibits and deposition designations.

  If a party fails to (1) confer and participate in the preparation of the Joint Pretrial Order, or (2) timely provide the information and materials required in paragraphs 7 and 8 - (above), such party's claims for relief may be dismissed, or defenses may be stricken and default entered, or other sanctions imposed.

      The Court will schedule a pretrial conference shortly before trial. At the conference each party must be represented by the attorney who will conduct the trial and who has authority to enter into stipulations and admissions and to bind the attorney's client.

      SO ORDERED.

      DATED: June 13, 2005

_____
**BAREFOOT SANDERS, SENIOR JUDGE**
**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF TEXAS**