ORIGINAL

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED

OCT 17 2005

CLERK, U.S. DISTRICT COURT
By _____
        Deputy

| | |
|---|---|
| SECURITES AND EXCHANGE COMMISSION, | |
| Plaintiff, | |
| vs. | Civil Action No. 3:05-CV-0426-H |
| RONALD J. BAUER, | |
| Defendant. | |

# JOINT STATUS REPORT

Counsel for Plaintiff Securities and Exchange Commission (Toby M. Galloway) and Defendant Ronald J. Bauer (David B. Dyer) met on October 13, 2005 as required by the Court's June 13, 2005 Scheduling Order. The parties hereby submit this Joint Status Report.

## I.    Discovery Progress and Settlement Negotiations

During the summer months, the parties engaged in extensive settlement discussions and came close to reaching a compromise and settlement. Ultimately, however, the parties failed to reach agreement on certain terms.

During these discussions, the parties did not conduct formal discovery. However, the Defendant informally requested and the SEC voluntarily produced approximately 7,000 documents, including additional materials produced by the SEC during the week of October 10, 2005. The SEC has also produced a detailed production log to assist Defendant in understanding the nature and extent of the production. Defendant has not yet produced documents. The Court's Scheduling Order provides, "[c]ounsel may but are not required to comply with Fed. R. Civ. P. 26(a)(1) and 26(f)." The parties have not agreed to comply with these provisions.

On September 14, 2005, Defendant served a notice to take the deposition of two key witnesses referenced in the Complaint, both of whom are foreign nationals residing outside the United States. The deposition notices were not accompanied by subpoenas. The SEC does not employ or have control over these third-party witnesses and cannot require them to appear in the United States for depositions. Accordingly, the depositions of these two witnesses have been postponed until they can be located and appropriate process issued in their countries of residence to secure their appearances.

On September 23, 2005, Plaintiff served the following discovery requests on Defendant: (1) Plaintiff's First Set of Interrogatories to Defendant Ronald J. Bauer; (2) Plaintiff's First Request for Production of Documents to Defendant Ronald J. Bauer; (3) Plaintiff's Second Request for Production of Documents to Defendant Ronald J. Bauer; (4) Plaintiff's First Request for Admissions to Defendant Ronald J. Bauer; and (5) Plaintiff's Notice of Deposition of Ronald J. Bauer (scheduling Mr. Bauer's deposition for November 1, 2005). Bauer will respond to the written requests in accordance with the Federal Rules of Civil Procedure by the October 26, 2005 deadline and intends to move to quash the deposition notice of Ronald Bauer until the depositions of the previously noticed witnesses are taken.

On October 6, 2005, Bauer served the SEC with Defendant's First Set of Interrogatories. On October 7, 2005, Bauer served the SEC with Defendant's First Request for Production. The SEC intends to respond to these requests in accordance with the Federal Rules of Civil Procedure by the November 7, 2005 deadline.

The parties disagree as to the timing of discovery. Mr. Bauer wishes to depose certain third-party witnesses before he is required to give his scheduled deposition on November 1, 2005. The Commission has no objection to Mr. Bauer conducting third-party discovery, but sees

no reason why Mr. Bauer's deposition should not go forward in the interim. As discussed above, Mr. Bauer plans to file a motion to quash the deposition notice, and the SEC requests expedited consideration and an oral hearing on that motion.

## II. Trial Before Magistrate Judge Stickney

The parties do not agree to trial before Magistrate Judge Stickney.

## III. Referral to Mediation or Settlement Conference Before Magistrate Judge Stickney

The Commission does not desire referral to mediation, but requests a settlement conference before Magistrate Judge Stickney, which the SEC strongly believes could be productive, subject to the following statement. Because of the unique statutes and rules that define the authorities and obligations of the Commission and its staff, the Commission respectfully requests to be relieved of any mediation or settlement conference order's requirement that counsel obtain settlement authority from the client, or have the client available either in person or by telephone.

The Securities and Exchange Commission consists of five Commissioners, appointed by the President by and with the advice and consent of the Senate. See Securities Exchange Act of 1934 ["Exchange Act"], § 4(a), 15 U.S.C. § 78d(a). A securities law enforcement action may only be commenced by the Commission, see Exchange Act § 21(d)(1), 15 U.S.C. 78u(d)(1), as distinct from the Commission's staff, who are appointed under Section 4(b) of the Exchange Act, 15 U.S.C. § 78d(b). Just as only the Commission may authorize the filing of an enforcement action, only the Commission, not its staff, has authority to settle such an action. Compare 17 C.F.R. §202.5(f) ("In the course of the Commission's investigations, civil lawsuits, and administrative proceedings, the staff, with appropriate authorization, may discuss with persons

involved the disposition of such matters by consent, by settlement, or in some other manner." [Emphasis added.])

Section 4A of the Exchange Act, 15 U.S.C. § 78d-1, provides for delegation of Commission responsibilities in certain circumstances; however, even the actions of a Section 4A delegate remain subject to the Commission's review. For the convenience of the Court, Section 4A is quoted in full below:

> (a) In addition to its existing authority, the Securities and Exchange Commission shall have the authority to delegate, by published order or rule, any of its functions to a division of the Commission, an individual Commissioner, an administrative law judge, or an employee or employee board, including functions with respect to hearing, determining, ordering, certifying, reporting, or otherwise acting as to any work, business, or matter. Nothing in this section shall be deemed to supersede the provisions of section 556(b) of title 5, or to authorize the delegation of the function of rule-making as defined in subchapter II of chapter 5 of title 5, United States Code, with reference to general rules as distinguished from rules of particular applicability, or of the making of any rule pursuant to section 19(c) of this title.
>
> (b) With respect to the delegation of any of its functions, as provided in subsection (a) of this section, the Commission shall retain a discretionary right to review the action of any such division of the Commission, individual Commissioner, administrative law judge, employee, or employee board, upon its own initiative or upon petition of a party to or intervenor in such action, within such time and in such manner as the Commission by rule shall prescribe. The vote of one member of the Commission shall be sufficient to bring any such action before the Commission for review. A person or party shall be entitled to review by the Commission if he or it is adversely affected by action at a delegated level which (1) denies any request for action pursuant to section 8(a) or section 8(c) of the Securities Act of 1933 or the first sentence of section 12(d) of this title; (2) suspends trading in a security pursuant to section 12(k) of this title; or (3) is pursuant to any provision of this title in a case of adjudication, as defined in section 551 of title 5, United States Code, not required by this title to be determined on the record after notice and opportunity for hearing (except to the extent there is involved a matter described in section 554(a)(1) through (6) of such title 5).

(c) If the right to exercise such review is declined, or if no such review is sought within the time stated in the rules promulgated by the Commission, then the action of any such division of the Commission, individual Commissioner, administrative law judge, employee, or employee board, shall, for all purposes, including appeal or review thereof, be deemed the action of the Commission.

In *In re Stone*, 986 F.2d 898 (5th Cir. 1993), the Fifth Circuit held that a routine district court order requiring the Justice Department to be represented at all settlement conferences by a person with full settlement authority to be an abuse of discretion. The Court of Appeals found that pursuant to the district court's inherent power to manage its own docket, the court could require a party, including the government, to have a representative with full settlement authority "present -- or at least reasonably and promptly accessible -- at pretrial conferences." *Id.* at 903. However, the Fifth Circuit also stated that "a district court must consider the unique position of the government as a litigant in determining whether to exercise its discretion in favor of issuing such an order." *Id.* [Footnote omitted.]

The Commission respectfully requests that it be permitted to attend any mediation or settlement conference with Magistrate Judge Stickney through the staff attorneys whom it has assigned to this case. Those counsel have full authority to negotiate a settlement that the Fort Worth District Office would recommend to the Commission. Commission counsel represent that they will promptly submit any bona fide settlement proposal from any defendant for consideration by the Commissioners in Washington.

Due to the foregoing position of the Commission, Defendant does not believe a meaningful and productive mediation or settlement conference can be conducted.



## IV. Motions

The parties have no current plans to file any motions, other than discovery motions and motions specifically covered by the June 13, 2005 Scheduling Order. As for discovery motions, Defendant plans to file a motion to quash the deposition notice of Ronald J. Bauer, scheduled for November 1, 2005, and for protective order staying his deposition until the previously noticed depositions of foreign witnesses are taken. In addition, Defendant has informed the SEC that he intends to lodge objections to Plaintiff's discovery requests. While the responses are not yet due, the Commission will file a motion to compel if necessary. Further, depending on Defendant's discovery responses, Plaintiff may move for an order to require Defendant to sign a consent directive, authorizing any financial institution at which he has an account to release records to the SEC.

Dated: **Oct. 14** 2005.                    Respectfully Submitted,

                                                  *Toby M. Galloway*
                                                  Toby M. Galloway
                                                  Texas Bar No. 00790733
                                                  Attorney for Plaintiff
                                                  U.S. Securities and Exchange Commission
                                                  Burnett Plaza, Suite 1900
                                                  801 Cherry Street, Unit #18
                                                  Fort Worth, Texas 76102-6882
                                                  (817) 978-6447
                                                  (817) 978-4927 (Facsimile)

                                                  *David B. Dyer*
                                                  David B. Dyer
                                                  Texas Bar No. 06313500

                                                  SECORE & WALLER, L.L.P.
                                                  Three Forest Plaza
                                                  12221 Merit Drive, Suite 1100
                                                  Dallas, Texas 75251
                                                  Telephone: 972-776-0200
                                                  Fax: 972-776-0240

                                                  Marvin Pickholz
                                                  New York Bar No. 1504844
                                                  Jason Pickholz
                                                  New York Bar No. 2688745
                                                  Reena Sandoval
                                                  New York Bar No. 3052735

                                                  Pickholz Law Firm LLP
                                                  570 Lexington Avenue, 45th Floor
                                                  New York, NY 10022
                                                  Telephone: 212-759-2400
                                                  Fax: 212-759-7728


                                                  COUNSEL FOR DEFENDANT

## CERTIFICATE OF SERVICE

I hereby certify that on this 14th day of October 2005, I served a true and correct copy of the foregoing *Joint Status Report* on the following parties, and persons entitled to notice, by depositing a correct copy thereof in an authorized Federal Express depository with express charges prepaid, at Fort Worth, Texas, and addressed to:

Marvin Pickholz
Jason Pickholz
Reena Sandoval
PICKHOLZ LAW FIRM LLP
570 Lexington Avenue
45th Floor
New York, NY 10022

David B. Dyer
SECORE & WALLER, LLP
Three Forest Plaza
12221 Merit Drive
Suite 1100
Dallas, TX 75251


_____
Toby M. Galloway