IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| SECURITIES AND EXCHANGE COMMISSION, | § § § | |
| Plaintiff, | § § § | |
| vs. | § | CIVIL ACTION NO. 3-05CV0426-H |
| RONALD J. BAUER, | § § | ECF |
| Defendant. | § | |

## DEFENDANT'S MOTION TO QUASH DEPOSITION NOTICE AND FOR PROTECTIVE ORDER AND BRIEF IN SUPPORT THEREOF

TO THE HONORABLE UNITED STATES DISTRICT COURT:

COMES NOW, Ronald J. Bauer, Defendant herein, and files this his Motion to Quash Deposition Notice and for Protective Order and Brief in Support Thereof as follows:

### I.
### SUMMARY OF MOTION

Plaintiff Securities and Exchange Commission ("SEC") has noticed the oral deposition of Defendant Ronald J. Bauer ("Bauer") for November 1, 2005 at the offices of the SEC in Fort Worth, Texas. (Subsequently the SEC has stated it would agree to take Defendant Bauer's deposition in Canada). Prior to the SEC noticing his deposition, Bauer requested both orally and in writing that the SEC produce for oral deposition in the United States two individuals, Myron Gushlak and Juan Javier Lopez, alleged by the SEC in the Complaint to be Bauer's "nominees" in connection with the SEC's allegations of securities fraud. Gushlak and Lopez are both foreign nationals who reside outside the United States and whose whereabouts are known to the SEC but unknown to Bauer.

Prior to being required to travel from his home in British Columbia to sit for his deposition in this case, Bauer is entitled to conduct discovery to test the validity of the factual allegations supporting the very serious charges of securities fraud the SEC has leveled against him. Accordingly, for the reasons discussed in detail below, Bauer moves for an order quashing the November 1, 2005 deposition notice and a protective order providing that the SEC cannot depose him until it has produced Messrs. Gushlak and Lopez in the United States for their depositions. Defendant Bauer has offered to pay for the airfares and for 2 days lodging for these witnesses. In the alternative, Bauer requests a protective order that his deposition shall be filed under seal and that its contents should not be shown or disclosed to any third person, entity or agency.

## II.
## BACKGROUND FACTS

The SEC filed its Complaint initiating this civil action on March 2, 2005. In the Complaint, the SEC alleges that an entity known as The Bauer Partnership, Inc. ("BPI") sold stock in a pump-and-dump market manipulation scheme "masterminded" by Bauer. Complaint at ¶ 1. As linchpins for its allegation, the SEC alleges that Bauer used a Panamanian named Juan Javier Lopez as his "nominee" to sell shares of BPI through a Panamanian brokerage firm. See Complaint at paragraphs 46 and 47. Bauer has denied these allegations in his Answer filed herein. See Defendant's Answer at paragraphs 46 and 47.

The SEC similarly alleges in the Complaint that Myron Gushlak was a nominee of. Bauer. See Complaint at paragraph 48. Bauer has also denied these allegations. See Defendant's Answer at paragraph 48.

From the beginning of this action, the undersigned counsel have been in communication with counsel for the SEC to discuss settlement possibilities and conduct informal discovery exchanges. Indeed, the SEC has provided some discovery documents to Bauer's counsel on an informal basis. The undersigned have also advised the SEC of Bauer's intent to depose Messrs. Gushlak and Lopez and requested that the SEC secure their appearances in the United States for that purpose offering to pay the costs for each of their air fares and for 2 days' lodging for each of them. . Although the SEC has refused to arrange the depositions of Gushlak and Lopez- and professing not even to know how to get in touch with them - it is well aware of Bauer's intent to depose them before any other depositions are taken in this case. To that end, on September 14, 2005, Bauer noticed the depositions of Gushlak and Lopez in Dallas for October 11 and 13, 2005, respectively. The SEC has refused to produce Gushlak and Lopez for their depositions, and the depositions were cancelled. After receiving the notice setting the depositions of Gushlak and Lopez, the SEC noticed Bauer's deposition for November 1, 2005 and served extensive written discovery on him which is not limited to the 3 months period alleged in the Complaint but, in fact, requests documents and information going goes back to 1995. There is no need for such rush because discovery in this matter does not conclude until September *2006.*

### III.
### SUPPORTING AFFIRMATIONS

This motion is supported by the Affirmation of Marvin Pickholz attached hereto as Exhibit "A" and the Affirmation of Epifanio Almodovar attached hereto as Exhibit "B."

## IV.
## ARGUMENT AND AUTHORITIES

Rule 26(d) of the Federal Rules of Civil Procedure (the "Rules") provides as follows:

Rule 26(d) was amended in 1970 to abrogate any rules of priority as to discovery sequence. Due to the adoption of Rule 26(d) and the fact litigants typically resolve by agreement questions about discovery sequence, timing of discovery is not typically a major concern as it is in this case, and there is little or no case law addressing this point. The lack of legal precedent does not mean, however, that the court is without authority to control the order of discovery in an appropriate case. Indeed, Rule 26(d) itself acknowledges the discretion of the court to do so. The district court has discretion, for good cause shown, to control the sequence and timing of discovery in a particular case. Moreover, due to the liberal discovery rules and potential for abuse, the rules confer broad discretion on the district court to decide when a protective order is appropriate and what degree of protection is required. Miscellaneous Docket Matter No. 1 v. Miscellaneous Docket Matter No. 2, 197 F.3d 922 (8th Cir. 1999).

Movant submits the following facts to show good cause for a protective order allowing Bauer a reasonable time to procure the depositions of Gushlak and Lopez prior to allowing the SEC to take his deposition. First and foremost, the SEC has alleged in the Complaint that Gushlak and Lopez illegally sold BPI stock for Bauer, as his nominees, that was registered with the SEC on its Form S-8. These allegations raise implications for Bauer far beyond the confines of this civil enforcement proceeding, including raising potential criminal law implications. By its own admission, the SEC has interviewed both Gushlak and Lopez outside the United States, but it did not produce to Defendant any notes or other indicia of those interviews until on or about October 7, 2005 when the

SEC finally produced two Spanish language documents from 2003 which appear to be some sort of *ex parte* statement or affidavit of Mr. Lopez taken in Panama by a third party. The SEC has refused to provide to Defendant a translation of the Spanish language documents although it admits it has translations of them. Under these circumstances, Bauer should be entitled to learn if the foreign witnesses (a) can be found at all and (b) whether their stories corroborate the very serious charges lodged by the SEC against him.

Second, this request is not based on wishful thinking by the Defendant as to what may be revealed at the depositions. Indeed, Bauer's counsel has located in the United States another witness named in the complaint, Epifanio Almodovar, president of EAMC Corp. In the Complaint, the SEC alleges EAMC also illegally sold BPI stock as a nominee of Bauer. As set forth in the Affirmation of Mr. Almodovar attached hereto as Exhibit "B," Mr. Almodovar unequivocally denies that EAMC acted as a nominee for Bauer as alleged in the Complaint and otherwise refutes the allegations in the Complaint that various start-up companies were shams promoted by Bauer.

Equally important to the bona fides of the motions and the reason that Bauer should be allowed to depose Lopez and Gushlak before he is deposed, is Mr. Almodovar's sworn statement that the SEC did not speak with him before filing its Complaint or to confirm the veracity of the statements the SEC makes regarding EAMC and its being a Bauer "nominee."

Third, as a matter of fundamental fairness, in the context of a quasi-criminal government proceeding, the Defendant should have the opportunity to confront his accusers prior to being put to the pain and peril of giving testimony to the government. Put another way, if it turns out the key witnesses Gushlak and Lopez, like Almodovar, do not support the SEC's allegations in the Complaint, the SEC's case will collapse. This aspect has greater resonance given the SEC's

retaliatory discovery requests after Bauer noticed the depositions of Gushlak and Lopez and the SEC's refusal to postpone Bauer's deposition. Given the fact that Gushlak and Lopez are outside the United States and critical witnesses to its case against Bauer, it is surprising, if not suspicious, that the SEC is not cooperating in the efforts to secure their depositions. Conversely, if the SEC is acting as a cat's paw for some prosecutor somewhere it has already received punishing negative opinions condemning this type of activity from the United States District Courts in the so-called "Scrushy-HealthSouth" cases. *See* United States v. Scrushy, 366 F.Supp. 2d 1134 (N.D. Alabama, 2005) (deposition taken by SEC suppressed due to SEC participation in criminal investigation; SEC v. HealthSouth Corp., 261 F.Supp. 1298, 1305 (N.C. Alabama, 2003) (court questioned SEC use of FBI to undertake discovery, stayed SEC enforcement action pending resolution of any criminal charges against the defendant).

Fourth, the relief requested in this motion causes no burden or unfairness to the SEC or the administration of this case. The discovery deadline is September 29, 2006, leaving ample time for the SEC to depose Bauer after the depositions of Gushlak and Lopez are taken.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Defendant Ronald J. Bauer prays that the Court set this matter for hearing and thereafter grant his motion and enter an order quashing the notice of his deposition scheduled for November 1, 2005 and enter a protective order that the SEC cannot re-notice his deposition until after the depositions of Myron Gushlak and Juan Javier Lopez are concluded, or alternatively, enter a protective order that the deposition of Bauer shall be filed under seal and its contents shall not be shown or disclosed to any third person, entity or agency, and for such other relief to which he may be entitled.

Respectfully submitted,

*/s/ David B. Dyer*
David B. Dyer
Texas Bar No. 06313500

SECORE & WALLER, L.L.P.
Three Forest Plaza
12221 Merit Drive, Suite 1100
Dallas, Texas 75251
Telephone: 972-776-0200
Fax: 972-776-0240

- and -

Marvin Pickholz
New York Bar No. 1504844
Jason Pickholz
New York Bar No. 2688745
Reena Sandoval
New York Bar No. 3052735

Pickholz Law Firm LLP
570 Lexington Avenue, 45th Floor
New York, NY 10022
Telephone: 212-759-2400
Fax: 212-759-7728

COUNSEL FOR DEFENDANT

## CERTIFICATE OF CONFERENCE

On October 13, 2005, the undersigned personally met with Toby Galloway, counsel for Plaintiff, and conferred with respect to the foregoing motion. The SEC would not agree to postpone the deposition of Ronald J. Bauer in order to take the depositions referenced in the motion. Accordingly, this motion is OPPOSED.

*/s/ David B. Dyer*
David B. Dyer

DEFENDANT'S MOTION TO QUASH DEPOSITION NOTICE AND FOR
PROTECTIVE ORDER AND BRIEF IN SUPPORT THEREOF

PAGE 7

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the foregoing Defendant's Original Answer was served by certified mail, return receipt requested on the 18th day of October, 2005, to the following persons:

**VIA CM RRR 91 7108 2133 3931 6955 7854**
Toby M. Galloway, Esq.
U.S. Securities and Exchange Commission
Burnett Plaza, Suite 1900
801 Cherry Street - Unit #18
Fort Worth, TX 76102-6882

David B. Dyer

**ORIGINAL**

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

```
-----------------------------------------------------------------x
SECURITIES AND EXCHANGE COMMISSION,    :  Civil Action No.
                                       :
                      Plaintiff,       :  3-05CV0426-H
                                       :
              vs.                      :  (Judge Sanders)
                                       :
RONALD J. BAUER,                       :
                                       :
                      Defendant.       :
-----------------------------------------------------------------x
```

### AFFIRMATION IN SUPPORT OF RONALD J. BAUER'S MOTION TO QUASH DEPOSITION NOTICE AND FOR A PROTECTIVE ORDER

MARVIN G. PICKHOLZ, hereby affirms under penalty of perjury that:

1.   I am a member of the Pickholz Law Firm LLP which, together with Secore & Waller, L.L.P. of Dallas, Texas (David Dyer, Esq.), is co-counsel for Ronald J. Bauer ("Bauer") in this matter. I am a member in good standing of the Bar of the State of New York and was admitted *pro hac vice* in this matter by the Honorable Barefoot Sanders, Senior United States District Judge for the Northern District of Texas, Dallas Division, to whom this case is assigned.

2.   I make this affirmation in support of Bauer's Motion to Quash Deposition Notice and for a Protective Order staying his deposition until the deposition of Lopez and Gushlak are concluded. If Plaintiff will produce Myron Gushlak and Juan Javier Lopez for a deposition in the United States, Bauer will bear the cost and expense including airfare and two (2) nights hotel for each of Lopez and Gushlak.



## THE COMPLAINT

3. In essence, the Complaint here alleges that The Bauer Partnership Inc. ("BPI"), under Bauer's direction, issued several press releases related to certain business arrangements, actual or anticipated, with several entities for the purpose of inflating interest in BPI's stock and enhancing the price thereof. The Complaint then alleges that Juan Javier Lopez, a Panamanian "notary public", Myron Gushlak, a Canadian residing in the Cayman Islands and an entity known as EAMC Corp. received BPI stock registered with the SEC on Form S-8, and then sold that stock as "nominees" for Bauer.

4. Counsel for Bauer noticed the depositions of Lopez and Gushlak for October 10 and October 11, 2005 in Dallas, Texas and requested the SEC to produce them and/or respond on shortened notice to interrogatories requesting their current addresses. The SEC refused both requests and the depositions had to be cancelled. Further, in apparent response to the notices for the depositions of Lopez and Gushlak, the SEC noticed Bauer's deposition.

5. After months of requesting documents from the SEC, which seemed to have made an incomplete document production, on October 10, 2005 (the date originally scheduled for Lopez's deposition) three (3) cartons of documents were delivered to the undersigned with 2 CD disks. That same date a letter was sent to co-counsel David Dyer stating that the documents were sent to him. No documents, though, were sent to Mr. Dyer.

6. Apparently in retaliation for Bauer's pressing for a complete document discovery and for the depositions of Lopez and Gushlak, the SEC also has launched discovery requests extending back to 1995. The relevant time period alleged in the Complaint is "from November 2002 through January 2003" – **three months** – not from *1995* and related to every aspect of Bauer's life.

7. The SEC has not produced any transcript of testimony, affidavits, notes of interviews, memoranda of interviews or any other document reflecting any statements by Gushlak or EAMC to support the allegations that they were "nominees" for Bauer as alleged.

8. Furthermore, in response to repeated requests of Affiant, the SEC has taken the position that *no such documents exist*, or that a *formal* document request must be made for them. Why is the latter necessary at all? Conversely, if no such documents exist, why request a formal document request? Most disturbing is the seeming "gamesmanship" with which the SEC is litigating this case. I am informed by local counsel, David Dyer, Esq. that as the October 17, 2005 status conference loomed on the horizon with the Magistrate Judge, and *after* Mr. Dyer contacted counsel for the SEC to see if the SEC would respond on shortened time to interrogatories asking for current addresses and contact information for Lopez and Gushlak, the SEC informed Mr. Dyer that it had just discovered an "overlooked" box of documents including an affidavit in Spanish from Mr. Lopez. The SEC, which stated that Mr. Lopez speaks little English, stated that he was interviewed in Panama by one of its attorneys. Yet, the SEC claims it has no notes, no memoranda, nothing, reflecting its interview of him. It has an "affidavit" from Lopez in Spanish, supposedly obtained by a Panamanian government body, which it has produced and refuses to produce the English translation it admits it has. Furthermore, the SEC takes the position that it has no agreement or understanding with Mr. Lopez that he will appear for trial, and certainly no agreement that he would make himself available for a deposition. Notwithstanding, the SEC filed its allegations here apparently believing that it could coerce a settlement from Bauer or create a situation where it would seek summary judgment and never have to prove its allegations as to Lopez, Gushlak or EAMC.

9. The SEC's strategy seems clear from the aforesaid recent barrage of SEC discovery (to which formal objections will be lodged at the appropriate response date) addressed to a number of entities, persons or matters not alleged, and going back to 1995. In short, having made these serious charges the SEC is obviously bent on creating a situation where Bauer declines to produce in response to these sweeping document requests, or asserts his rights since it is obvious that this case is being used for something else and for someone else's case(s) or investigation. Furthermore, the SEC engages repeatedly in this type of tactic to provoke a claim of constitutional rights, after which it moves for "preclusion" orders, followed by a summary judgment motion in the hope that it will never have to prove its allegations and that a District Judge will place the Court's imprimatur on this tactic.

10. If, in fact, the SEC does not to have an agreement with Lopez (or Gushlak) to testify at trial, it is problematic how it will meet its burden to *affirmatively* prove its allegations that rest on these persons and, if it knows it can pull the leash on these witnesses and have them at trial than it is preparing for "trial by ambush".

11. Likewise, the allegations that EAMC acted as a nominee for Bauer also is questionable. The *SEC never interviewed* the president, and *sole owner of EAMC* before making its charges that the EAMC was a Bauer "nominee" in the sale of BPI securities. An Affirmation from the principal of EAMC is attached. It contradicts the Complaint's allegations that EAMC acted as a "nominee" in the sale of BPI shares.

12. In light of the SEC's refusal to produce the witnesses it rests its Complaint on, and EAMC's Affirmation refuting that claim at least as to EAMC, the Motion to Quash the Notice for Bauer's deposition should be granted precluding his deposition until the Lopez, Gushlak and EAMC depositions are completed. Then the Court will be in an informed position to decide if the

allegations are so wanting in evidence that Bauer has a right to seek Summary Judgment and be released from this horrendous SEC assault. Granting this motion will not present any hardship to the SEC – discovery in this case is not scheduled for completion until September 29. 2006.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on October 12 2005

*/s/ Marvin G. Pickholz*
Marvin G. Pickholz

IN THE UNITED STATES DISTRICT COURT **ORIGINAL**
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

---------------------------------------------------------------x
SECURITIES AND EXCHANGE COMMISSION,  : Civil Action No.
:
Plaintiff,  : 3-05CV0426-H
:
vs.  : (Judge Sanders)
:
RONALD J. BAUER,  :
:
Defendant.  :
---------------------------------------------------------------x

## AFFIRMATION

EPIFANIO ALMODOVAR, hereby declares under penalty of perjury that:

1. I have receive and read the complaint in the above matter. I am making this affidavit at the request of counsel for Ronald J. Bauer and requested his counsel to prepare this affidavit for my review and execution. However, the statements made here are mine and correct.

2. The complaint refers to an entity called EAMC. I am the president of EAMC Corp. ("EAMC").

3. The SEC did not contact me or EAMC during its investigation, neither did the SEC ask me or EAMC whether the allegations in the complaint as to EAMC are correct.

4. EAMC was not a "nominee" for Ronald J. Bauer as alleged in paragraphs 10 and 50 of the Complaint.

5. As discussed below I have some knowledge of the Urbani Holdings – Harbour Front Holdings joint venture referenced in paragraph 40 of the Complaint.



6. EAMC did not sell The Bauer Partnership Inc. shares using Dallas-based clearing broker Pension Financial Services. The latter firm may be a clearing firm for a broker dealer known as Great Eastern Securities where EAMC had its account.

7. I interviewed CEOs of companies for an entity known as MAC Report, so does Stuart Siller with whom I have partnered on matters.

8. I met and know Rosario Safina, the CEO of Urbani Holdings ("Urbani"). At that time Urbani Holdings was already a publicly traded company trading on the NASDAQ Bulletin Board market.

9. Mr. Safanda was interested in setting up an internet gourmet food sales company, a concept which competitors of Urbani had done. The joint venture between Urbani and Harbour Front was, to my knowledge, to be owned 60% by Urbani and 40% by Harbour Front. It was to be for the marketing of gourmet foods on the internet under the name "da Rosario". The press release stated the "estimated" revenues [not "projected" revenues as set forth in paragraph 40 of the Complaint] were $2 million in 2003, $4 million in 2004 and $6 million in 2005. Based upon my knowledge of the concept and internet gourmet food marketing these estimates were not out of line with what could be expected given Urbani's existing business experience.

10. To my knowledge, Harbour Front offered to enter into an agreement with Urbani to assist it ostensibly in setting up and helping to get off the ground the website that Urbani desired.

11. EAMC entered into a consulting agreement with Harbour which called for EAMC to receive two million shares of stock registered on Form S-8 with the SEC by Harbour Front (known as "free trading shares). EAMC also received 200,000 shares of stock from Urbani in connection with its aforesaid joint venture with Harbour Front.

12. On March 6, 2003, I issued a letter of instructions to journal one half of the Harbour Front and one half of the Urbani shares of stock from EAMC's account to the account of MS 2003 Holdings Ltd., an entity owned by my colleague Stuart Siller. The journal was done. The MS 2003 Holdings account also was at Great Eastern Securities. It is my understanding that Mr. Siller disposed of these shares for his own benefit. EAMC sold the shares received for its own account and not as "nominee" for Mr. Bauer.

13. To my knowledge, as part of the joint venture, Harbour Front offered to fund the online site, domain set up, hosting and maintenance of the future web-site and an initial marketing effort for 30-60 days.

14. The SEC did not contact me during its investigation. Therefore, I do not know what basis the SEC had for alleging that EAMC was a "nominee" for Mr. Bauer or Harbour Front. I note that the complaint makes no allegation that any money (approximately $20,000) received by EAMC from the sale of its Harbour Front or Urbani shares was actually transferred to Mr. Bauer.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on October 6 2005

_____
Epifanio Almodovar

ADAM CLEMENTS
Notary Public, State of New York
No. 01CL6024226
Qualified in Suffolk County
Commission Expires May 3, 20 07