UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>                              Plaintiff,<br><br>v.<br><br>RONALD J. BAUER,<br><br>                              Defendant. | Civ. No.:3:05-CV-0426-H<br>ECF |

**AGREED FINAL JUDGMENT AS
TO DEFENDANT RONALD J. BAUER**

The Securities and Exchange Commission having filed a Complaint and Defendant Ronald J. Bauer ("Bauer") having entered a general appearance; consented to the Court's jurisdiction over Bauer in this action and the subject matter of this action; consented to entry of this Final Judgment without admitting or denying the non-jurisdictional allegations of the Complaint; waived findings of fact and conclusions of law; and waived any right to appeal from this Final Judgment:

I.

IT IS HEREBY ORDERED that Bauer and Bauer's agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from violating, directly or indirectly, Section 10(b) of the Securities Exchange Act of 1934 (the "Exchange Act") [15 U.S.C. § 78j(b)] and Rule 10b-5

promulgated thereunder [17 C.F.R. § 240.10b-5], by using any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange, in connection with the purchase or sale of any security:

    (a)    to employ any device, scheme, or artifice to defraud;

    (b)    to make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or

    (c)    to engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person.

## II.

I<small>T</small> I<small>S</small> HEREBY F<small>URTHER</small> O<small>RDERED</small> that Bauer and Bauer's agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from violating Section 17(a) of the Securities Act of 1933 ("Securities Act") [15 U.S.C. § 77q(a)] in the offer or sale of any security by the use of any means or instruments of transportation or communication in interstate commerce or by use of the mails, directly or indirectly:

    (a)    to employ any device, scheme, or artifice to defraud;

    (b)    to obtain money or property by means of any untrue statement of a material fact or any omission of a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; or

    (c)    to engage in any transaction, practice, or course of business which

operates or would operate as a fraud or deceit upon the purchaser.

### III.

IT IS HEREBY FURTHER ORDERED that Bauer and Bauer's agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from violating Section 5 of the Securities Act [15 U.S.C. § 77e] by, directly or indirectly, in the absence of any applicable exemption:

(a) Unless a registration statement is in effect as to a security, making use of any means or instruments of transportation or communication in interstate commerce or of the mails to sell such security through the use or medium of any prospectus or otherwise;

(b) Unless a registration statement is in effect as to a security, carrying or causing to be carried through the mails or in interstate commerce, by any means or instruments of transportation, any such security for the purpose of sale or for delivery after sale; or

(c) Making use of any means or instruments of transportation or communication in interstate commerce or of the mails to offer to sell or offer to buy through the use or medium of any prospectus or otherwise any security, unless a registration statement has been filed with the Commission as to such security, or while the registration statement is the subject of a refusal order or stop order or (prior to the effective date of the registration statement) any public proceeding or examination under Section 8 of the Securities Act [15 U.S.C. § 77h].

### IV.

IT IS HEREBY FURTHER ORDERED that Bauer and Bauer's agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from aiding and abetting any violation of Section 13(a) of the Exchange Act [15 U.S.C. § 78m(a)] and Rules 13a-11, 13a-13 and 12b-20 [17 C.F.R. §§ 240.12b-20, 240.13a-11 and 240.12a-13] by knowingly and substantially assisting an issuer's failure to file timely with the Commission all accurate and complete information, documents and reports required by the rules and regulations prescribed by the Commission.

V.

IT IS HEREBY FURTHER ORDERED that Bauer and Bauer's agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from violating Section 13(d) of the Exchange Act [15 U.S.C. § 78(m)] and Rule 13d-1 promulgated thereunder [17 C.F.R. § 240.13d-1], by failing to file, with the Commission, a statement containing the information required by Schedule 13D [17 C.F.R. § 240.13d-101] within 10 days after the acquisition, directly or indirectly, of the beneficial ownership of more than five percent of the class of securities.

## VI.

IT IS HEREBY FURTHER ORDERED that Bauer and Bauer's agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from violating Section 16(a) of the Exchange Act [15 U.S.C. § 78(p)] and Rule 16a-3 promulgated thereunder [17 C.F.R. § 240.16a-3], by failing to file required notice with the Commission of beneficial ownership of more than 10 percent of any class of equity security (other than an exempted security) which is registered pursuant to 15 U.S.C. § 78l, with such notice filed:

    (a)    At the time of the registration of such security on a national securities exchange or by the effective date of a registration statement filed pursuant to section 78l(g) of this title [15 U.S.C. 781(g)];

    (b)    Within 10 days after he becomes such beneficial owner, director, or officer;

    (c)    If there has been a change in such beneficial ownership, or if such person shall have purchased or sold a security-based swap agreement (as defined in section 206(b) of the Gramm-Leach-Bliley Act (15 U.S.C. § 78c)) involving such class of equity security, before the end of the second business day following the day on which the subject transaction has been executed, unless the Commission determines that such 2-day period is not feasible, or at such other time as the Commission shall establish, by rule.

VII.

IT IS FURTHER ORDERED that, pursuant to Section 21(d)(2) of the Exchange Act [15 U.S.C. § 78u(d)(2)], Bauer is prohibited, for five years following the date of entry of this Final Judgment, from acting as an officer or director of any issuer that has a class of securities registered under Section 12 of the Exchange Act [15 U.S.C. § 78c(a)(51)(A)] or that is required to file reports under Section 15(d) of the Exchange Act [15 U.S.C. § 78o(d)].

VIII.

IT IS HEREBY FURTHER ORDERED that Bauer is barred, for five years following the date of entry of this Final Judgment, from participating in an offering or distribution of penny stock. A penny stock is any equity security as defined in Exchange Act Section 3(a)(51)(A) [15 U.S.C. § 78l] and Rule 3a51-1. [17 C.F.R. 240.3a51-1].

IX.

IT IS HEREBY FURTHER ORDERED that Bauer is liable for disgorgement of $840,000, representing profits gained as a result of the conduct alleged in the Complaint. Bauer shall satisfy this obligation by paying $840,000 to the Clerk of this Court in 11 installment according to the following schedule: (1) $140,000 plus post-judgment interest pursuant to 28 U.S.C. § 1961, within 10 days of entry of this Final Judgment; (2) $70,000 plus post-judgment interest pursuant to 28 U.S.C. § 1961, within 40 days of entry of this Final Judgment; (3) $70,000 plus post-judgment interest pursuant to 28 U.S.C. § 1961, within 70 days of entry of this Final Judgment; (4) $70,000 plus post-judgment interest pursuant to 28 U.S.C. § 1961, within 100 days of entry of this Final Judgment; (5) $70,000 plus post-judgment interest pursuant to 28 U.S.C. § 1961, within 130 days of

entry of this Final Judgment; (6) $70,000 plus post-judgment interest pursuant to 28 U.S.C. § 1961, within 160 days of entry of this Final Judgment; (7) $70,000 plus post-judgment interest pursuant to 28 U.S.C. § 1961, within 190 days of entry of this Final Judgment; (8) $70,000 plus post-judgment interest pursuant to 28 U.S.C. § 1961, within 220 days of entry of this Final Judgment; (9) $70,000 plus post-judgment interest pursuant to 28 U.S.C. § 1961, within 250 days of entry of this Final Judgment; (10) $70,000 plus post-judgment interest pursuant to 28 U.S.C. § 1961, within 280 days of entry of this Final Judgment; and (11) $70,000 plus post-judgment interest pursuant to 28 U.S.C. § 1961, within 310 days of entry of this Final Judgment. Nothing herein shall preclude Bauer from pre-paying these payments.

Each payment shall be made to the Clerk of the United States District Court for the Northern District of Texas, Dallas Division, with a cover letter identifying Ronald J. Bauer as a defendant in this action, setting forth the title and civil action number of this action and the name of this Court; and specifying that payment is made pursuant to this Final Judgment.  Bauer shall simultaneously transmit photocopies of such payment and letter to the Commission's counsel in this action.  By making payment, Bauer relinquishes all legal and equitable right, title, and interest in such funds, and no part of the funds shall be returned to Bauer.

The Clerk shall deposit the funds into an interest bearing account with the Court Registry Investment System ("CRIS") or any other type of interest bearing account that is utilized by the Court.  These funds, together with any interest and income earned thereon (collectively, the "Fund"), shall be held in the interest bearing account until further order of the Court.  In accordance with 28 U.S.C. § 1914 and the guidelines set by the Director

of the Administrative Office of the United States Courts, the Clerk is directed, without further order of this Court, to deduct from the income earned on the money in the Fund a fee equal to ten percent of the income earned on the Fund. Such fee shall not exceed that authorized by the Judicial Conference of the United States. The Commission may by motion propose a plan to distribute the Fund subject to the Court's approval. Such a plan may provide that Fund shall be distributed pursuant to the Fair Fund provisions of Section 308(a) of the Sarbanes-Oxley Act of 2002.

X.

IT IS FURTHER ORDERED that the attached Consent is incorporated by reference in this Final Judgment.

XI.

IT IS FURTHER ORDERED that this Court shall retain jurisdiction of this matter to enforce the terms of this Final Judgment.

Dated: February 10, 2006

_____
BAREFOOT SANDERS, SENIOR JUDGE
UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS

Approved as to Form and Content:
s/ *Ronald J. Bauer*
Ronald J. Bauer

 s/ *Toby M. Galloway*
Toby M. Galloway
Texas Bar No. 00790733
**SECURITIES AND EXCHANGE COMMISSION**
Fort Worth District Office
801 Cherry Street
Suite 1900
Fort Worth, TX 76102-6819
Telephone: (817) 978-6447
Facsimile: (817) 978-4927
Attorney for Securities and Exchange Commission